# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABDUL-JALIL AL-HAKIM,**<br>　　　　Plaintiff**,**<br>　　vs.<br>**WELLPOINT ASSET RECOVERY LLC, ET AL.,**<br>　　　　Defendants**.** | CASE NO. 19-cv-00303-YGR<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

The Court **SET** a hearing in this matter for **Thursday, April 11, 2019** at **1:45 p.m.** in the Federal Courthouse, 1301 Clay Street, Oakland, California in Courtroom 1 in order to discuss plaintiff's IFP application, and the allegations of his complaint and claims asserted therein.

**Plaintiff failed to appear or to notify the Court of his inability to appear.**

In anticipation of the April 11th hearing, the Court reviewed plaintiff's 100-page complaint which it intended to discuss at the hearing. Based on that review, it appears that even if the Court granted plaintiff's IFP application, the complaint would need to be dismissed with leave to amend. In summary, the complaint alleges fourteen (14) causes of action against nineteen (19) defendants. **Only one** of the causes of action involves a federal claim, namely the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. As to that claim, the complaint fails to allege clearly the elements of the FDCPA claim as applied to the defendants to whom it is supposed to apply.

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (alternation in original). To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: "(1) [the] plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3)

the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen Assocs., Ltd.,* No. 5:14-cv-05539-EJD, 2016 WL 3566981, at *3 (N.D. Cal. June 30, 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012)).

Plaintiff's complaint refers to a "fictitious debt" and to some foreclosure but the Court cannot discern, at a minimum, as it relates to the FDCPA claim: (i) the specifics of the debt, (ii) who precisely attempted to collect from plaintiff, (iii) whether that person or entity qualified as a "debt collector" under the FDCPA, and (iv) whether the actions taken against plaintiff fall under the specific statutory purview of the FDCPA, as opposed to some other legal umbrella such as fraud. Until the Court decides whether a valid federal claim exists and whether supplemental jurisdiction over the other 13 causes of action is appropriate, the Court will not evaluate those other claims.

Accordingly, the Court issues this **ORDER TO SHOW CAUSE** why the case should not be dismissed effective May 31, 2019. The Court schedules a hearing **for 10:00 a.m. on Friday, May 31, 2019**, United States Courthouse, 1301 Clay Street, Oakland, California. Prior to the Court date, **but no later than May 17, 2019,** plaintiff may file any or all of the following:

(1) a statement explaining his failure to appear at the hearing on April 11, 2019 and confirming his intent to prosecute this case;

(2) additional information, as previously requested, on his pro se application; and

(3) an amended complaint addressing the inadequacies on the federal claim identified above.

If the additional information is provided and the Court finds that it is not necessary to have a hearing, the Court will vacate the hearing. **However, failure to provide any additional information or appear at the hearing on the Order to Show Cause will result in the dismissal of this action for failure to prosecute.**

The Court again reminds plaintiff that assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will

2

not be able to represent parties in their cases.  There is no charge for this service.  To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email [federalprobonoproject@sfbar.org](mailto:federalprobonoproject@sfbar.org).  The Help Center's website is available at [https://cand.uscourts.gov/legal-help](https://cand.uscourts.gov/legal-help).

The District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  It is available electronically online ([http://cand.uscourts.gov/prosehandbook](http://cand.uscourts.gov/prosehandbook)) or in hard copy, free of charge, from the Clerk's Office.

**IT IS SO ORDERED.**

Dated: April 15, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**